UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WOODROW ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:07-CV-01251(JCH) |
| ) | |
| JAMES PURKETT, et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant James Purkett's ("Purkett") Motion to Dismiss, filed December 4, 2007. (Doc. No. 30). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Woodrow Anderson ("Anderson") is presently in the custody of the Missouri Department of Corrections ("MDOC") and incarcerated at the Bonne Terre Correctional Center ("BTCC"). (Am. Compl., Doc. No. 29 at p. 2). At all relevant times, Purkett was BTCC's Superintendent. (Id.).

Between June 17, 2003 and July 15, 2003, Anderson complained to the BTCC medical staff on three separate occasions that he was experiencing severe chest pain. (Id. at ¶¶ 1-5). Each time, the medical staff sent him away, telling him his discomfort was either a muscle spasm or gas. (Id.). On the morning of July 16, 2003, Anderson again complained of chest pain to the medical staff. (Id. at ¶ 4). Again, he was told that he had gas. (Id.). That night, Anderson complained of chest pain to Officer Flatbush, who called the medical staff. (Id. at ¶ 5). The medical staff again told him that he

1

was having gas. (Id.). Officer Flatbush later noticed that Anderson was still in pain and called the medical staff again. (Id.)

The medical staff summoned an ambulance and sent him to a nearby hospital. (Id.). The attending doctor told Anderson that "something was wrong with [his] heart" and transferred him to another hospital. (Id.). There, doctors determined that he had experienced five heart attacks and had a ninety-eight percent blockage of his arteries. (Id. at ¶ 5) Anderson underwent heart bypass surgery that day. (Id.). These attacks caused him to have an abnormal heart rhythm, and he now takes three heart medications daily. (Id.).

Anderson alleges that he spoke to Purkett about the denial of medical treatment, but it is unclear when this conversation took place. (Resp., Doc. No. 33 at p. 2). He also alleges that Purkett knew about his inadequate medical treatment because of grievances he filed. (Compl., Doc. No. 1-2). These grievances, however, were filed in December 2006, more than three years after his heart attacks. (Id.).

On July 9, 2007, Anderson filed this 42 U.S.C. § 1983 action alleging that Defendants[1] were deliberately indifferent to his serious medical needs in violation of his Eighth and Fourteenth Amendment rights.[2] (Compl., Doc. No. 1). On December 4, 2007, Purkett filed a motion to dismiss, pursuant to Fed. R. Civ. P. Rule 12(b)(6), for failing to state a claim upon which relief can be granted. (Doc. No. 30).

---

[1]Aside from Purkett, Anderson named the following Defendants: Correctional Medical Services; Dr. Charles Chastain; Terry Bishop; Deborah Carter; Donna Adams; Tina Hayes; and Tymber Spray. (Am. Compl. at p. 1).

[2]Because Anderson is presently incarcerated, his claim is properly analyzed under the Eighth Amendment. Vaughn v. Green County, 438 F.3d 845, 850 (8th Cir. 2006).

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. –, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 335 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id., at 1965.

Although pro se complaints are "to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (internal citations omitted). Specifically, the pleading must "not be conclusory and must set forth facts which state a claim as a matter of law." Davis v. Hall, 992 F.2d 151,152 (8th Cir. 1993).

## DISCUSSION

Purkett asserts that Anderson's claims against him must be dismissed because there is no respondeat superior liability under § 1983 and because he has qualified immunity. Anderson alleges that his conversation with Purkett and his grievances show that Purkett was deliberately indifferent to his constitutional rights.

In a § 1983 action, the doctrine of respondeat superior is inapplicable. See Vaughn, 438 F.3d at 851 (8th Cir. 2006). A superior may only be liable for failing to supervise if he "demonstrated

3

deliberate indifference or tacit authorization of the offensive acts." Bolin v. Black, 875 F.2d 1343, 1347 (8th Cir. 1989).[3] To show deliberate indifference, Anderson must show "that he suffered objectively serious medical needs, and the officials actually knew of but deliberately disregarded those needs." Johnson v. Hamilton, 452 F.3d 967, 972-73 (8th Cir. 2006). Anderson can show that Purkett was deliberately indifferent if Purkett "had notice his policies, training, procedures, or supervision were inadequate or likely to result in a constitutional violation." Vaughn, 438 F.3d at 851; see Wever v. Lincoln County, 388 F.3d 601, 606 (8th Cir. 2004). Similarly, Purkett may be liable if his failure to investigate claims amounted to a pattern or widespread practice that had become so permanent "to have the effect and force of law." Jane Doe A. ex rel. Jane Doe B. v. Special Sch. Dist. of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Generally, a single incident, or even a series of isolated instances, is not enough to assign supervisor liability. Wever, 388 F.3d at 607. This rule is not "rigid," rather it changes depending on "the seriousness of the incident and the likelihood of its discovery." Id.

Upon consideration, the Court finds that Anderson fails to state a claim against Purkett. Even assuming that Anderson had an objectively serious medical need, his pleadings, which reference his grievances and his conversation with Purkett, fail to demonstrate deliberate indifference. The grievances do not show deliberate indifference because they were filed in 2006, more than three years after the alleged heart attacks. As such, they did not give Purkett notice of his medical need in 2003. Similarly, Anderson cannot show deliberate indifference based on the mere fact that he told Purkett that he had a heart attack. The conversation only informed Purkett that the medical staff examined

---

[3]The Court need not reach the issue of qualified immunity if Anderson cannot show that Purkett deprived him of his constitutional rights. See Shockency v. Ramsey County, 493 F.3d 941, 947 (8th Cir. 2007).

4

Anderson and found that nothing was wrong with him. Purkett was under no duty to order the medical staff to come to a different conclusion. Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (holding prison officials are not liable for the medical unit's diagnosis decisions because they lack medical expertise); accord Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). Finally, Anderson's allegation that there was a custom of failing to treat inmates' medical needs does not state a deliberate indifference claim. Anderson's one line allegation of an unconstitutional custom is conclusory, meaning that it does not satisfy Twombly's requirement that the complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant James Purkett's Motion to Dismiss (Doc. No. 30) is **GRANTED**.

Dated this 10th day of March, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE